UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHY COOLEY, *et al.*,<br><br>  Defendants. | Case No. 1:25-cv-00421-KES-EPG<br><br>ORDER DIRECTING CLERK OF COURT TO REVISE PLAINTIFF'S NAME FROM "CANDICE" TO "CANDACE" ON THE DOCKET<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Candace Smith proceeds *pro se* and *in forma pauperis* in this civil action. (ECF Nos. 1, 3). Plaintiff's complaint, filed on April 10, 2025, appears to seek to hold Defendants Kathy Cooley, California Lottery, and Vons liable for, among other things, child abuse, a home invasion, robbery, and attempted murder. (ECF No. 1).

Plaintiff's complaint is now before the Court for screening. Upon review, the Court finds that Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a) and the Court lacks subject-matter jurisdiction over this case. And as further explained below, Plaintiff frequently

1

files cases that are dismissed after repeated identifications of deficiencies in filings that Plaintiff fails to correct. Accordingly, the Court recommends that this action be dismissed without prejudice and without granting leave to amend.

## I.   SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff lists three Defendants: (1) Kathey Cooley;[1] (2) California Lottery; and (3) Vons. In the portion of the complaint allowing Plaintiff to identify any basis for Federal question jurisdiction, Plaintiff states: "defraud a child abuse manipulations and home invasion robbery."[2]

---

[1] Plaintiff also lists a "Kathy Dovis" in the complaint as a defendant. (ECF No. 1, p. 2). It is not clear if she means to refer to Kathy Cooley, or if this is a separate defendant. Assuming the latter, the analysis in these findings and recommendations still applies.

[2] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

(ECF No. 1, p. 4). However, Plaintiff also fills out portions of the form regarding diversity jurisdiction, listing each of the parties' names, but none of their states of citizenship. Plaintiff lists the amount in controversy as $30 million to $60 million.

As for the statement of the claim, Plaintiff state as follows: "Upon such Kathy used manipulation & deceit to steal & rob from home. Upon such drugged & put poo & urine in food & fentanyl in order to deceives. Rob attempted murder stolen children's lottery ticket. Stolen child's bike, clothes & more." (*Id.* at 5).

Lastly, as the complaint spells Plaintiff's name as "Candace," the Court will direct the Clerk of Court to use this spelling instead of "Candice," which is currently listed on the docket.

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Rule 8(a)

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's complaint is not a short and plain statement of her claims. Plaintiff sets forth no facts in her complaint to support her allegations, exclusively relying on conclusory statements, and it is unclear what Plaintiff is alleging and against whom. Accordingly, the Court finds that Plaintiff's complaint fails to comply with Rule 8(a).

#### B. Subject-Matter Jurisdiction

A court's subject-matter jurisdiction over a case "refers to a tribunal's power to hear [the] case, a matter that can never be forfeited or waived." *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quotation marks and citation omitted). "Moreover, courts . . . have an independent obligation to

determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action."

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). There are two main bases to establish subject-matter jurisdiction in a case.

First, 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the "'well-pleaded complaint rule' . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Second, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "citizens of different States." The citizenship of an individual is "determined by her state of domicile, not her state of residence," with a domicile being the individual's "permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, Plaintiff alleges no facts to establish that the Court has subject-matter jurisdiction over this action. Plaintiff's complaint indicates that the basis for the Court's jurisdiction is the presence of a federal question but sets forth no facts or law that supports this assertion. Rather, under the section of the complaint instructing Plaintiff to set forth the basis for federal question jurisdiction, Plaintiff states, "defraud a child abuse manipulations and home invasion robbery." (ECF No. 1, p. 4).

Additionally, Plaintiff has not established subject-matter jurisdiction based on complete diversity of the parties and an amount in controversy exceeding $75,000, exclusive of interests

and costs. Notably, Plaintiff does not provide the citizenship of any of the parties.[3]

Accordingly, the Court does not have subject-matter jurisdiction in this case.

### C. Dismissal Without Leave to Amend

The Court further recommends dismissing this action without granting leave to amend.

Leave for a party to amend a complaint under Rule 15(a) of the Federal Rules of Civil Procedure "shall be freely given when justice so requires . . . and this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation and internal quotation marks omitted). However, a "court need not grant leave to amend where the amendment . . . is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

The Court concludes that granting Plaintiff leave to amend in this action would be futile in light of Plaintiff's extensive history of deficient filings and repeated admonitions from the Court. Indeed, from a review of the Court's electronic filing system it appears that, in 2024 and 2025 alone, Plaintiff has filed numerous cases in this District.

For example, in 2025, she has filed at least 6 cases in addition to this case, some of which have pending dismissal recommendations, and three of which were filed the same day as this case.

1. *Smith v. Spicy Mayo Restaurant, et al.*, 1:25-cv-00159-KES-HBK, filed 02/07/25 (pending recommendation to dismiss case without further leave to amend)
2. *Smith v. Fresno State University, et al.*, 1:25-cv-00329-KES-BAM, filed 03/18/25
3. *Smith v. Chase Bank, et al.*, 1:25-cv-00330-JLT-SKO, filed 03/18/25 (pending recommendation to dismiss case without further leave to amend)
4. *Smith v. Walmart, et al.*, 1:25-cv-00419-EPG, filed 04/10/25
5. *Smith v. City of Fresno, et al.*, 1:25-cv-00420-JLT-BAM, filed 04/10/25
6. *Smith v. Farmers Insurance, et al.*, 1:25-cv-00422-JLT-BAM, filed 04/10/25

As for 2024, another case in this District recently described Plaintiff's filing history as follows:

---

[3] The Court recognizes that the address that Plaintiff provides as her address elsewhere on the complaint is in California. (ECF No. 1, p. 2).

>Additionally, the undersigned notes that Plaintiff is no stranger to this Court. In fact, a review of the Court's case management and electronic filing system reveals that since 2024 to the date of these Findings and Recommendations, Plaintiff has filed 22 cases in this District. Of the cases screened, 19 have either been dismissed or are pending possible dismissal.

*Smith v. Spicy Mayo Rest.*, No. 1:25-CV-00159-KES-HBK, 2025 WL 870052, at *3 (E.D. Cal. Mar. 20, 2025) (listing cases).

Based on Plaintiff's extensive history of filing cases that are ultimately dismissed, despite repeatedly being given the benefit of screening orders and findings and recommendations from the Court setting forth the applicable law and pleading standards, granting leave to amend in this action would be futile. Additionally, the Court has concluded that it lacks subject-matter jurisdiction over this action, and it does not appear that Plaintiff could cure this deficiency by submitting an amended complaint.

### IV.   ORDER, CONCLUSION, AND RECOMMENDATION

The Court concludes that Plaintiff's complaint fails to comply with Rule 8 and the Court lacks subject-matter jurisdiction over this action. Further, the Court recommends that Plaintiff not be granted leave to file an amended complaint in light of Plaintiff's extensive history of deficient filings in this District and the lack of any basis to exercise subject-matter jurisdiction.

Accordingly, IT IS ORDERED that the Clerk of Court shall change the spelling of Plaintiff's named from "Candice" to "Candace" on the docket.

Further, IT IS RECOMMENDED as follows:

1. This action be dismissed, without prejudice and without leave to amend, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and lack of subject-matter jurisdiction.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections shall not exceed fifteen (15) pages,

including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 17, 2025**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE